IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REBECCA BACA,

        Plaintiff,

  vs.                                                         CIVIL NO. 98-1425 LH/LFG

JOLEEN DYE, City of Albuquerque
Police Officer,

        Defendant.

## **MEMORANDUM AND RECOMMENDATION FOR DISMISSAL**

THIS MATTER is before the Court *sua sponte*. On May 24, 1999, the Court entered an order directing Plaintiff Rebecca Baca ("Baca") to show cause why Rule 16 sanctions, including dismissal of her case with prejudice, should not be imposed as a result of her failure to respond to outstanding interrogatories and her failure to appear for a deposition [Doc. 21]. Subsequent to the issuance of the Court's Order to Show Cause, Baca's attorney, Joseph Kennedy ("Kennedy"), moved to withdraw as counsel, citing Baca's lack of cooperation in the course of discovery as good cause. [Doc. 23].

On June 2, 1999, the Court entered an order allowing attorney Kennedy to withdraw, but directed attorney Kennedy to provide a letter to his client advising that he had been authorized to withdraw and that until she secured substitute counsel, she would be representing herself as a pro se litigant. Kennedy further advised Baca that she had obligations to respond to outstanding discovery and that, if she failed to comply with her discovery obligations, the Court could dismiss her lawsuit

with prejudice in accord with Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992).[1]

So as to allow Baca sufficient time to secure additional counsel and to respond to outstanding discovery, the Court *sua sponte* extended the time for Baca to respond to outstanding discovery [Doc. 24]. Notwithstanding the extended time, Baca failed to respond to Defendant's First Set of Interrogatories. As a result, the Court issued a second Order to Show Cause on July 1, 1999 [Doc. 27]. In this order, Baca was directed to show cause why Rule 16 sanctions, including dismissal of her case with prejudice, should not be entered as a result of her failure to comply with discovery obligations under the Federal Rules of Civil Procedure and her failure to comply with the Court's orders and directives. On this occasion, Baca was directed to file a written response and supporting affidavit by July 16, 1999. Baca failed to file any response within the time allowed and failed to request any extension of time within which to file a response.

On May 25, 1999, the Court sent notice to the parties of a Rule 16 settlement conference set for July 26, 1999. Baca neither sought nor obtained the Court's order vacating or rescheduling this mandatory settlement conference. On July 26, 1999, Baca failed to appear for the Rule 16 conference. Defense counsel and defense counsel's representatives were available and ready to proceed.

## **Propriety of Sanctions**

Under the circumstances presented by this case, sanctions are appropriate. The determination of the appropriate sanction is a fact-specific inquiry made by the Court. Ehrenhaus v. Reynolds. The Court recognizes that dismissal of a party's lawsuit represents an extreme sanction and is appropriate

---

[1] In accord with the Court's directive, attorney Kennedy provided the Court with a copy of his letter to Baca. Subsequent mailings by the Court to Baca at the same address were returned undelivered. Baca, however, was obligated to provide the Court with her current address. D.N.M.LR-Civ. 83.6.

2

only in cases of willful misconduct. Id.; Meade v. Grubbs, 841 F.2d 1512 (10th Cir. 1988). If a lesser sanction will deter the errant party from further misconduct, then a sanction other than dismissal should be utilized. A dismissal with prejudice defeats a litigant's right of access to the court. Therefore, it is used only as a last, rather than as a first, resort. The Tenth Circuit's decision in Ehrenhaus requires a trial court to consider a number of factors prior to choosing dismissal as an appropriate sanction. Those factors include: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and, (5) the efficacy of lesser sanctions. It is with these factors in mind that the Court determines the appropriateness of the sanction in this case.

**Prejudice to Defendant**

The Court first considers the degree of prejudice to Defendant. Here, Baca failed to comply with her discovery obligations and continued in her non-compliance even after she was instructed by the Court and by her own attorney that she was obligated to respond to interrogatories. Baca failed to appear for her deposition and failed to respond in any fashion to Defendant's written discovery. It is clear that Defendant is prejudiced by Baca's failures. Defendant is left to guess whether Baca has any evidence to support her contentions. While Defendant is aware of the allegations in the complaint, Defendant is nonetheless forced to speculate as to many aspects of Baca's claims. The prejudice to Defendant includes increased litigation costs and delays.

Defendant prepared and served discovery requests which have gone unanswered; defense counsel prepared for and appeared at a deposition, which Baca failed to attend; Defendant incurred costs and fees in preparing for a Rule 16 settlement conference, which Baca failed to attend. The

3

delays caused by Baca's failure to comply with discovery obligations and her non-compliance with the rules of civil procedure needlessly prolong this litigation. As a result, the goals of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.* are thwarted. In the interim, a cloud of litigation hangs over Defendant's head. Under these circumstances, the Court finds clear prejudice to Defendant.

## Interference With Judicial Process

The Court next considers the amount of interference with the judicial process. Case management deadlines are imposed by the Court as a means of complying with congressional mandates under the Civil Justice Reform Act. The Act is intended, in part, to minimize delay and to advance the ultimate disposition of litigation. Here, Baca's failures to comply with her discovery obligations and her failures to comply with the Court's orders have seriously interfered with the Court's ability to effectively manage this case.

A prior settlement conference was vacated due to Baca's failure to proceed with discovery. Proceedings were further delayed when Baca's non-compliance compelled the Court to issue an order to show cause and to Baca to explain why she had not responded to outstanding discovery. She ignored the Court's order and ignored the Court's directive that she appear for a Rule 16 settlement conference. Baca's failures interfere with the Court's ability of bringing this litigation to a prompt, inexpensive and just resolution. Due to her repeated failures to comply, an inordinate amount of judicial time and resources have been expended on this case. The Court concludes that Baca's failures to comply with discovery obligations and Court orders have interfered with the established case management deadlines imposed in this case.

## Culpability of Litigant

The Court next considers the culpability of the litigant. If the failure to comply with discovery

4

obligations or court directives is the fault of the litigant's attorney, then the attorney is the proper party to suffer the sanction. In re Sanction of Baker, 744 F.2d 1438 (10th Cir. 1984); M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869 (10th Cir. 1987). Due to Baca's failure to cooperate in the discovery process, attorney Kennedy was compelled to withdraw. Now, Baca represents herself; thus, her failures to comply with discovery obligations, rules of procedure and the Court's orders and directives are hers, and the blame falls squarely on her shoulders.

### Prior Warnings

The Court next considers whether it gave a prior warning that the lawsuit may be dismissed. See, e.g., Willner v. University of Kansas, 848 F.2d 1023 (10th Cir. 1988). The record is replete with such warnings. The Court's two orders to show cause directed Baca to demonstrate why sanctions, including dismissal of her case with prejudice, should not be entered. Further, Baca's own attorney warned that sanctions could include dismissal of her lawsuit. Moreover, Baca was given an opportunity to explain why sanctions shouldn't be imposed. Ocelot Oil Corp. v. Sparrow Industries, 847 F.2d 1458 (10th Cir. 1988). Baca chose not to file a response. The Court concludes that Baca has been appropriately warned by the Court of the potential consequences of her on-going violations, including dismissal of her case with prejudice.

### Lesser Sanctions

Finally, the Court considers the efficacy of lesser sanctions. Here, notwithstanding the Court's earlier warnings, Baca continues to disregard her obligations under the rules of civil procedure, her obligations to opposing counsel and her obligations to the Court. Further, when the Court directed Baca to show cause why sanctions shouldn't be imposed, she ignored the Court's directive, just as she has ignored her discovery obligations. Given her repeated failures and refusals

to comply with Court directives, the Court has no optimism that she would comply with future directives if a lesser sanction were imposed and if Baca were afforded a further opportunity to litigate. Therefore, no lesser sanction is likely to produce a desired effect.

## Conclusion

After consideration of the Ehrenhaus factors, the Court determines that the appropriate sanction is dismissal with prejudice. Accordingly, this matter is referred to the District Court with the recommendation that this lawsuit be dismissed with prejudice.[2]

                                         *Lorenzo F. Garcia*
                                         Lorenzo F. Garcia
                                         United States Magistrate Judge

PLAINTIFF:
Rebecca Baca, pro se

ATTORNEYS FOR DEFENDANT:
Kathryn Levy, Esq.
Richard A. Sandoval, Esq.

---

[2] Within ten (10) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed. Baca is required to file objections by close of business August 9, 1999.